**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **WINDSOR VENTURE CORP.,** *et al.*, | **)** | **CASE NO.: 1:24-cv-00688** |
| | **)** | |
| **Plaintiffs,** | **)** | |
| | **)** | **JUDGE GEOFFREY W. CRAWFORD** |
| **v.** | **)** | |
| | **)** | |
| **AGRICULTURAL LOGISTICS LLC,** *et al.*, | **)** | **DEFENDANTS' JOINT ANSWER AND** |
| | **)** | **AFFIRMATIVE DEFENSES TO** |
| **Defendants.** | **)** | **PLAINTIFFS' COMPLAINT** |

Defendants Agricultural Logistics LLC ("Ag Logistics"), Agricultural Transport Payroll Inc. ("Ag Transport"), Jacob Sam ("Mr. Sam"), and Matthew Gorka ("Mr. Gorka") (collectively, "Defendants"), for their Joint Answer and Affirmative Defenses to the Complaint (Doc.1) of Plaintiffs Windsor Venture Corp. ("Windsor"), Asset Co. Freight Brokers, Inc. ("Asset Co."), Sunship Inc. ("Sunship"), and Freight Hub Corp. ("Freight Hub") (collectively, "Plaintiffs"), state as follows:

## PRELIMINARY STATEMENT

1. In response to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that Plaintiffs' assert causes of action under 49 U.S.C. § 14916, 15 U.S.C. § 1125(a)(1)(A), and 15 U.S.C. § 1125(a)(1)(B). Defendants deny all remaining allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that Ag Logistics contracted with Windsor. Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

1

6.     In response to the allegations contained in Paragraph 6 of the Complaint, Defendants admit that Ag Logistics posted certain reviews about Windsor.  Defendants deny all remaining allegations contained in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations contained in Paragraph 7 of the Complaint.

8.     Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## PARTIES

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and therefore deny the same.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and therefore deny the same.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint and therefore deny the same.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

13.     Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.     Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.     Defendants admit the allegations contained in Paragraph 16 of the Complaint.

**JURISDICTION AND VENUE**

17.     The allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.     The allegations contained in Paragraph 18 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     The allegations contained in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     The allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     The allegations contained in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 of the Complaint.

**FACTUAL BACKGROUND COMMON TO ALL CLAIMS**

22.     In response to the allegations contained in Paragraph 22 of the Complaint, Defendants admit that Windsor is an asset-based carrier.  Defendants deny all remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.     Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.     Defendants admit the allegations contained in Paragraph 15 of the Complaint.

26.    In response to the allegations contained in Paragraph 26 of the Complaint, Defendants admit that Windsor has been in business for over two years.  Defendants deny all remaining allegations contained in Paragraph 26 of the Complaint.

27.    Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.    Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.    Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.    Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.    Defendants admit the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.    In response to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that Ag Logistics has not remitted payment to Windsor for the Orders, but denies that any payments to Windsor are due and owing.  Defendants deny all remaining allegations contained in Paragraph 37 of the Complaint.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.    Defendants admit the allegations contained in Paragraph 40 of the Complaint.

41.    Defendants deny the allegations contained in Paragraph 41 of the Complaint.

4

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint and therefore deny the same.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint and therefore deny the same.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint and therefore deny the same.

47.     Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49.     In response to the allegations contained in Paragraph 49 of the Complaint, Defendants admit that Ag Logistics received a delivery confirmation of the load.  Defendants deny all remaining allegations contained in Paragraph 49 of the Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint and therefore deny the same.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint and therefore deny the same.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint and therefore deny the same.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and therefore deny the same.

54.     In response to the allegations contained in Paragraph 54 of the Complaint, Defendants admit that Ag Transport is an asset-based carrier.  Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59.     In response to the allegations contained in Paragraph 59 of the Complaint, Defendants admit that Windsor improperly cashed the electronic checks.  Defendants deny all remaining allegations contained in Paragraph 59 of the Complaint.

60.     Defendants admit the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in Paragraph 65 of the Complaint.

66.     Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. In response to the allegations contained in Paragraph 67 of the Complaint, Defendants admit that Ag Logistics published certain reports on Carrier411 and TIA Watchdog, but deny that such reports were false or defamatory. Defendants deny all remaining allegations contained in Paragraph 67 of the Complaint.

68. In response to the allegations contained in Paragraph 68 of the Complaint, Defendants admit that Ag Logistics posted certain reviews concerning Plaintiffs. Defendants deny all remaining allegations contained in Paragraph 68 of the Complaint.

69. Defendants admit the allegations contained in Paragraph 69 of the Complaint.

70. Defendants admit the allegations contained in Paragraph 70 of the Complaint.

71. Defendants admit the allegations contained in Paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants admit the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. In response to the allegations contained in Paragraph 82 of the Complaint, Defendants admit that Ag Logistics posted further reviews, but deny that such reviews were false

or defamatory. Defendants deny all remaining allegations contained in Paragraph 82 of the Complaint.

83. Defendants admit the allegations contained in Paragraph 83 of the Complaint.

84. In response to the allegations contained in Paragraph 84 of the Complaint, Defendants admit that Ag Logistics included the referenced comment with the June 12 Windsor Review, but denies that the comment was false. Defendants deny all remaining allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny the same.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore deny the same.

92. In response to the allegations contained in Paragraph 92 of the Complaint, Defendants admit that Ag Logistics posted the June 12 Freight Hub Review. Defendants deny all remaining allegations contained in Paragraph 92 of the Complaint.

93. In response to the allegations contained in Paragraph 93 of the Complaint, Defendants admit that Ag Logistics posted the June 12 Team DGD Review, but deny that it was

defamatory. Defendants deny all remaining allegations contained in Paragraph 93 of the Complaint.

94. In response to the allegations contained in Paragraph 94 of the Complaint, Defendants admit that Ag Logistics posted the June 12 Team Sunship Review, but deny that it was defamatory. Defendants deny all remaining allegations contained in Paragraph 94 of the Complaint.

95. In response to the allegations contained in Paragraph 95 of the Complaint, Defendants admit that Ag Logistics posted the June 12 Team Assetco Review, but deny that it was defamatory. Defendants deny all remaining allegations contained in Paragraph 95 of the Complaint.

96. In response to the allegations contained in Paragraph 96 of the Complaint, Defendants admit that Ag Logistics posted six reviews, but deny that such reviews were defamatory. Defendants deny all remaining allegations contained in Paragraph 96 of the Complaint.

97. In response to the allegations contained in Paragraph 97 of the Complaint, Defendants admit that Ag Logistics posted the reviews to TIA Watchdog, but deny that they were defamatory. Defendants deny all remaining allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint.

103.    In response to the allegations contained in Paragraph 103 of the Complaint, Defendants admit that Ag Logistics posted the reviews, but deny that they were defamatory. Defendants deny all remaining allegations contained in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint and therefore deny the same.

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint and therefore deny the same.

107.    Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    In response to the allegations contained in Paragraph 108 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam acted within the scope of their employment with Ag Logistics, but deny that any of their conduct was tortious.  Defendants deny all remaining allegations contained in Paragraph 108 of the Complaint.

109.    Defendants admit the allegations contained in Paragraph 109 of the Complaint.

110.    In response to the allegations contained in Paragraph 110 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam acted within the scope of his employment with Ag Logistics. Defendants deny all remaining allegations contained in Paragraph 110 of the Complaint.

111.    In response to the allegations contained in Paragraph 111 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam were working for Ag Logistics when they posted the reviews, but deny that the reviews were defamatory.  Defendants deny all remaining allegations contained in Paragraph 111 of the Complaint.

112. Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. In response to the allegations contained in Paragraph 113 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam were working for Ag Logistics when they posted the reviews, but deny that the reviews were defamatory. Defendants deny all remaining allegations contained in Paragraph 112 of the Complaint.

114. In response to the allegations contained in Paragraph 114 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam were working for Ag Logistics when they posted the reviews. Defendants deny all remaining allegations contained in Paragraph 114 of the Complaint.

115. In response to the allegations contained in Paragraph 115 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam were working for Ag Logistics when they posted the reviews. Defendants deny all remaining allegations contained in Paragraph 115 of the Complaint.

116. In response to the allegations contained in Paragraph 116 of the Complaint, Defendants admit that Mr. Gorka and Mr. Sam were working for Ag Logistics when they posted the reviews. Defendants deny all remaining allegations contained in Paragraph 116 of the Complaint.

<u>**FIRST CAUSE OF ACTION**</u>
**(Breach of Contract as to Agricultural Logistics)**

117. Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

118. Defendants admit the allegations contained in Paragraph 118 of the Complaint.

119. Defendants admit the allegations contained in Paragraph 119 of the Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of the Complaint.

11

121.   Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.   Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.   Defendants deny the allegations contained in Paragraph 123 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Unlawful Brokerage Activities under 49 U.S.C. § 14916(a) against all Defendants)**

124.   Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

125.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

126.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

127.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

128.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

129.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

130.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

131.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

132.   Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

133. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

134. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

135. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

136. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

137. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

138. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

139. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

140. Plaintiffs' Second Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

<u>**THIRD CAUSE OF ACTION**</u>
**(False Designation of Origin ["Reverse Passing Off"] under 15 U.S.C. § 1125(a)(1)(A) as to Agricultural Logistics and Agricultural Transport)**

141. Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

142. Defendants admit the allegations contained in Paragraph 142 of the Complaint.

143. Defendants deny the allegations contained in Paragraph 143 of the Complaint.

144. Defendants deny the allegations contained in Paragraph 144 of the Complaint.

13

145.    Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    Defendants deny the allegations contained in Paragraph 147 of the Complaint.

148.    Defendants deny the allegations contained in Paragraph 148 of the Complaint.

149.    Defendants deny the allegations contained in Paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in Paragraph 150 of the Complaint.

## FOURTH CAUSE OF ACTION
**(False Advertising [Misrepresentation] in violation of 15 U.S.C. § 1125(a)(1)(B) as to Matthew Gorka, Jacob Sam, and Agricultural Logistics)**

151.    Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

152.    Plaintiffs' Fourth Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

153.    Plaintiffs' Fourth Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

154.    Plaintiffs' Fourth Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

155.    Plaintiffs' Fourth Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

156.    Plaintiffs' Fourth Cause of Action has been dismissed by the Court's Order on Partial Motion to Dismiss (Doc. 11).

## FIFTH CAUSE OF ACTION
**(Defamation *Per Se* as to all Defendants)**

157.    Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

14

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.    Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.    Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.    Defendants deny the allegations contained in Paragraph 161 of the Complaint.

162.    Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.    Defendants deny the allegations contained in Paragraph 163 of the Complaint.

164.    Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.    Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.    Defendants deny the allegations contained in Paragraph 166 of the Complaint.

## SIXTH CAUSE OF ACTION
### (Unfair Competition as to Agricultural Transport)

167.    Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

168.    Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.    Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.    Defendants deny the allegations contained in Paragraph 172 of the Complaint.

173.    Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.    Defendants deny the allegations contained in Paragraph 174 of the Complaint.

## SEVENTH CAUSE OF ACTION
### (Civil Conspiracy to Commit Defamation *Per Se*)

175.    Defendants incorporate by reference their responses to Paragraphs 1 through 116 of the Complaint as if fully set forth here.

176.    Defendants deny the allegations contained in Paragraph 176 of the Complaint.

177.    Defendants deny the allegations contained in Paragraph 177 of the Complaint.

178.    Defendants deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants admit the allegations contained in Paragraph 179 of the Complaint.

180.    Defendants deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants admit the allegations contained in Paragraph 181 of the Complaint.

182.    Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.    Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.    Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.    Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.    Defendants deny that Plaintiffs are entitled to any of the relief requested in the WHEREFORE clause contained in Paragraph 186 of the Complaint, including subparts i.-xi.

187.    Defendants deny each and every allegation contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants assert the following as further and separate affirmative defenses. By asserting these defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law does not place the burden on Defendants.

### FIRST AFFIRMATIVE DEFENSE
*Failure to State a Claim*

1.    Plaintiffs' Complaint fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
*Waiver and Estoppel*

2.    Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel.

16

### THIRD AFFIRMATIVE DEFENSE
*Unclean Hands*

3.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
*Unjust Enrichment*

4.      Plaintiff's claims are barred, in whole or in part, because Plaintiffs' requested

monetary relief would result in Plaintiffs' unjust enrichment.

### FIFTH AFFIRMATIVE DEFENSE
*Mutual Mistake*

5.      Plaintiffs' claims are barred by the doctrine of mutual mistake.

### SIXTH AFFIRMATIVE DEFENSE
*Lack of Essential Terms*

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff and Defendant

did not agree on material terms of the alleged contract.

### SEVENTH AFFIRMATIVE DEFENSE
*Failure to Mitigate*

7.      Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate its

damages its alleged damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE
*Truth*

8.      Plaintiffs' claims are barred because the allegedly Defamatory Reviews are true or

substantially true.

### NINTH AFFIRMATIVE DEFENSE
*Qualified Privilege*

9.      Plaintiffs' claims are barred, in whole or in part, because Defendants were

privileged to make the statements contained in the allegedly Defamatory Reviews.

17

## TENTH AFFIRMATIVE DEFENSE
### *Opinion*

10.     Plaintiffs' claims are barred, in whole or in part, because the statements contained in the allegedly Defamatory Reviews are matters of opinion which cannot be proven true or false.

## ELEVENTH AFFIRMATIVE DEFENSE
### *Lack of Bad Faith*

11.     Plaintiffs' claims are barred, in whole or in part, because the allegedly Defamatory Reviews were made in furtherance of Defendants' legitimate economic interests.

## TWELFTH AFFIRMATIVE DEFENSE
### *Statute of Limitations*

12.     Plaintiffs' claims are barred by the applicable statutes of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### *Set Off*

13.     Plaintiffs' damages, if any, are barred by the doctrines of set off and recoupment.

## FOURTEENTH AFFIRMATIVE DEFENSE
### *Additional Affirmative Defenses*

14.     Defendants reserves the right to amend this Answer to assert additional defenses as such defenses become known to Defendants.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants request that Plaintiffs' Complaint be dismissed with prejudice, with all costs to be borne by Plaintiffs and to award Defendants its costs and expenses, including attorneys' fees, together with any other relief this Court deems just and proper.

Dated: February 24, 2026

Respectfully Submitted By,

**BENESCH, FRIEDLANDER,
 COPLAN & ARONOFF LLP**

*/s/ Deana S. Stein*
Deana S. Stein (DS5047)
Eric Larson Zalud (*pro hac vice)*
127 Public Square, Suite 4900
Cleveland, Ohio 44114-1284
(216) 363-4500
dstein@beneschlaw.com
ezalud@beneschlaw.com

Nicholas P. Lacey (*pro hac vice)*
41 S. High Street, Suite 2600
Columbus, Ohio 43215
614) 223-9384
nlacey@beneschlaw.com

John C. Gentile (*pro hac vice*)
1313 North Market Street, Suite1201
Wilmington, Delaware 19801
(302) 442-7010
jgentile@beneschlaw.com

*Counsel for Defendants*

19

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on the following:

David D. Lin, Esq.
Rachel Ann Niedzwiadek, Esq.
**LEWIS & LIN, LLC**
77 Sands Street, 6th Floor
Brooklyn, NY 11201
david@iLawco.com
rachelann@iLawco.com

*Attorneys for Plaintiffs*

/s/ *Deana S. Stein*
*Counsel for Defendants*

20